UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-CV-60093-GAYLES/SELTZER

OSCAR NEGRON,

    Plaintiff,

v.

KEVIN McALLENAN, Acting Secretary
Department of Homeland Security, et al.,

    Defendants.
    _____/

## **ORDER**

**THIS CAUSE** comes before the Court upon Defendants' Motion to Dismiss or in the Alternative for Summary Judgment (the "Motion"). [ECF No. 22].[1] The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is granted.

## **BACKGROUND**[2]

On July 26, 2002, Marisa Negron ("Negron"), a citizen of Peru, married Luis Alberto Centeno ("Centeno"), a citizen of the United States. On August 1, 2002, Centeno filed a visa petition on behalf of Negron (the "First Form I-130"). The First Form I-130 was denied because Centeno was previously married to another individual and had not obtained a divorce before marrying Negron.

---

[1] In its title, the Motion uses the singular term "Defendant." However, as there are multiple named defendants and the issues concern all defendants, the Court uses the plural term "Defendants."

[2] The facts, taken from the Complaint and the exhibits attached to the Complaint, which include portions of the administrative record such as the Notice of Intent to Deny the Visa Petition and USCIS's decision to deny the Visa Petition [ECF No. 1, 1-4, 1-5], are presumed to be true for purposes of Defendants' Motion. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003); *Basson v. Mortgage Electronic Registration Systems, Inc.*, 741 F. App'x 770, 771 (11th Cir. 2018) (courts may consider exhibits attached to a complaint on a motion to dismiss).

On December 13, 2005, Centeno pled guilty to one count of Fraud and Misuse of Visas in violation of 18 U.S.C. § 1546(a). Centeno's indictment alleged that he falsely represented in the First Form I-130 that he was not previously married. Negron and Centeno divorced on March 8, 2007. After the divorce, on September 10, 2007, another Form I-130 was filed on behalf of Negron, again listing Centeno as the petitioner (the "Second Form I-130"). The Second Form I-130 was denied for abandonment.

On April 9, 2010, Negron married Plaintiff Oscar Negron ("Plaintiff"), a citizen of the United States. On April 18, 2010, Plaintiff filed a Form I-130 on behalf of Negron (the "Visa Petition"). On March 31, 2011, Plaintiff and Negron appeared for an interview before a USCIS officer and were questioned about Negron's prior marriage to Centeno. Negron testified that (1) she and Centeno lived together for approximately nine months and that he did not always stay with her, (2) she did not live with Centeno after they separated, and (3) she filed the Second Form I-130 because her driver's license had expired and she needed immigration documents to get a new license. Notice of Intent to Deny at 2-3, ECF No. 1-4. However, in a December 8, 2016, USCIS interview, Centeno testified that (1) his marriage to Negron was a business arrangement, (2) Negron paid him $1,000 to marry her, (3) he never lived with Negron, (4) his marriage to Negron was part of the scheme for which he was indicted in 2005, and (4) he did not sign or submit the Second Form I-130 on behalf of Negron. *Id* at 3-4.

On June 7, 2017, Plaintiff and Negron appeared for a second interview before a USCIS officer. Negron was asked to provide details about her relationship with Centeno, including when and where they met, where they got married, and who witnessed their wedding. Negron did not know or remember who witnessed the wedding, the address of where she and Centeno lived, or whether Centeno had children. *Id.* at 4-10. Negron testified that she was not aware that the First

2

Form I-130 was presented as evidence against Centeno in his federal criminal case. *Id.* She denied paying Centeno to marry her. *Id.*

On July 14, 2017, USCIS issued a Notice of Intent to Deny ("NOID") the Third Form I-130. The NOID presented a detailed record and found that Negron and Centeno married for the sole purpose of conveying immigration benefits to Negron and that Plaintiff failed to establish that Negron and Centeno had entered into a bona fide marriage. Plaintiff timely responded to the NOID. On September 21, 2017, USCIS denied the Visa Petition (the "Decision"), finding there was substantial and probative evidence that Negron and Centeno entered into their marriage for the purpose of conveying immigration benefits to Negron and that Plaintiff failed to establish the bona fides of Negron's marriage to Centeno. Decision, ECF No. 1-5.

Plaintiff appealed, and the Board of Immigration Appeals upheld the Decision on September 18, 2018. Plaintiff then filed this action under the Administrative Procedure Act (the "APA") asking the Court to find that the Decision is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law. Defendant has now moved to dismiss, or, in the alternative, for summary judgment.

## LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is considered facially plausible when the court is able to draw a reasonable inference that the defendant is liable based on the factual content pleaded by the plaintiff. *Id.* The "plausibility standard" requires that there be "more than sheer possibility that a defendant acted unlawfully." *Id.* A determination of a claim's plausibility "is a

context-specific task that requires the reviewing court to draw on its judicial experiences and common sense." *Id.* at 679. It is not enough for a complaint to recite the statutory elements of a cause of action. *Id.* at 678. Allegations within a complaint must be more than conclusory and must have a factual basis. *Id.* at 679.

When reviewing a motion to dismiss, courts accept the allegations as presented in the complaint as true and view those facts "in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). In addition, the Court "may always consider exhibits attached to the complaint on a 12(b)(6) motion, because exhibits are part of the pleadings." *Basson v. Mortgage Electronic Registration Systems, Inc.*, 741 F. App'x 770, 771 (11th Cir. 2018). The issue before the Court is "'not whether [Plaintiff] will ultimately prevail' . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 529–30 (2011) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## DISCUSSION

Under the APA, district courts have the power to set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). This "exceedingly deferential" standard "provides the reviewing court with very limited discretion to reverse an agency decision." *Mathews v. USCIS*, 458 F. App'x 831, 833 (11th Cir. 2012) (internal quotation marks omitted). In reaching its decision, an agency "must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (internal quotation marks omitted).

While the Court cannot create a reasoned basis for the agency's action where none is given, the Court must "uphold a decision of less than ideal clarity if the agency's path may reasonably be

4

discerned." *Id.* (internal quotation marks omitted). The Court's review is limited to "the administrative record already in existence, not some new record made initially in the reviewing court." *Velez-Duenas v. Swacina*, 875 F. Supp. 2d 1372, 1377 (S.D. Fla. 2012) (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)).

The Court finds that USCIS's decision to deny the petition here was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Indeed, USCIS must deny an I-130 visa petition if

> (1) the alien has previously been accorded, or has sought to be accorded, an immediate relative or preference status as the spouse of a citizen of the United States . . . by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws or (2) the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading immigration laws.

8 U.S.C. § 1154(c); *see also Velez-Duenas*, 875 F. Supp. 2d at 1377–78 ("In other words, the statute requires USCIS to deny an I-130 visa petition filed by a United States citizen on behalf of an alien if the USCIS determines that the alien has previously entered into a fraudulent marriage to evade immigration laws."). Applying the statutory mandate of § 1154(c), USCIS determined that Negron and Centeno's marriage was not bona fide and that they only married to evade immigration laws. To reach this conclusion, USCIS relied on (1) Centeno's admission that his marriage to Negron was fraudulent, (2) Negron's inability to answer many questions about her life with Centeno, and (3) inconsistencies in Negron's testimony. Plaintiff argues that USCIS failed to discuss or consider the events leading up to Negron and Centeno's marriage. Not so. USCIS considered Negron's claims that she had entered into a bona fide marriage with Centeno but determined that there was substantial and probative evidence of marriage fraud. This is a rational finding that the Court has no discretion to disturb.

Plaintiff also argues that § 1154(c)'s marriage-fraud bar does not apply because Negron and Centeno's marriage was void from the beginning.[3] The Court disagrees. While Negron and Centeno's marriage might have been void, § 1154(c) applies even when there is only an attempt or conspiracy to enter into a marriage for the purpose of evading immigration laws. *See Quansah v. Sessions*, No. 17-4334, 2018 WL 401791, at *5 (E.D.P.A. Jan. 12, 2018) ("Marriage fraud can also be found in the absence of evidence of a bona fide marriage, for example, the marriage is never consummated, and where the spouses never lived together or held themselves out to family and friends as husband and wife.") Accordingly, the Court finds there was sufficient evidence for USCIS to conclude that the marriage-fraud bar of § 1154(c) applied.

## CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss or in the Alternative for Summary Judgment (the "Motion") [ECF No. 22] is **GRANTED**. Plaintiff's Complaint is **DISMISSED with prejudice**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of November, 2019.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

3  This is because Centeno was already married when he married Negron.